Per Curiam.

Some question has been made in respect to the effect of mandates like the one now attempted to be enforced. We are all fully of the opinion, that where the Supreme Court of the United States have jurisdiction, their authority is supreme. At the same time, this Court is not to be considered as a mere machine, to execute the decrees of the Supreme Court of the United States, without power to inquire into the grounds of their proceedings, in order to ascertain whether they may not inadvertently have made a mistake.
This action is trover for taking goods previously attached. It was tried on the question, whether, supposing the attachment valid, the officer of the United States, on a precept of the United States, could take the goods out of the possession of the plaintiff, and whether there was a lien for duties on other goods, which would vacate the attachment.
This Court thought that the lien was restricted to the duties on the particular goods, and this opinion is affirmed by the Supreme Court of the United States.
This Court were of opinion, that as the plaintiff had possession of the goods, the United States officer could not lawfully take them out of his hands. The court of the United States considered that there was no possession in the plaintiff. So far as the opinion of that court goes, that the goods were not liable to attachment by the plaintiff while they were in the *374 custom-house, it is conclusive upon us. Admitting that there was no lien and that the plaintiff had actual possession, whether the taking of the goods by the defendant would not sustain an action of trover, we suppose would be a question for this Court, and not reversible by the court of the United States. Then the question is, whether there was an actual possession by color of authority. Though the special verdict says there was an attachment, „and if it said nothing more, possession would be inferred, yet if the jury go on to state other facts which show there was no possession, the inference from the attachment will be controlled. Here the facts are, that the goods were in the custody of the United States officer at the custom-house, and that the duties on them were not paid nor secured. Under these circumstances Dennie had no actual possession. The only answer to this is, that the public storekeeper says he holds the goods subject to the order of Dennie. But that was a breach of duty. He received the goods as store-keeper, and he was bound to hold them for the United States. His certificate was a void act, and the deputy sheriff could claim nothing under it. We presume it was on this ground that the court of the United States decided; and on this ground we are all of opinion, that there was no right to attach and no possession on the part of the deputy sheriff. If there had been an actual possession, which by our law would sustain trover, we should have been inclined to have the decision of the court of the United States revised.[1]

Judgment on the verdict for the defendant.

 See Souhegan Factory v. M'Conike, 7 N. Hamp. R. 323.